IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL PASKINS, | § | |
| | § | |
| Defendant Below, | § | No. 583, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex |
| | § | Cr. ID No. 88S01362DI |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 18, 2014[1]
Decided: January 14, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

# O R D E R

This 14th day of January 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below,[2] it appears to the Court that:

(1) The appellant, Daniel Paskins, filed this appeal from the Superior Court's September 29, 2014 order summarily dismissing his first motion for

---

[1] The motion to affirm was filed on November 5, 2014, but the record was filed on December 18, 2014.

[2] This Court has not considered the Appendix or the Notice of Appeal with a Superior Court caption that Paskins filed after the motion to affirm. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

postconviction relief from a January 4, 2013 VOP sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Paskins' opening brief that the appeal is without merit.[3] We agree and affirm.

(2)     The record reflects that Paskins pled guilty in October 1988 to one count of Robbery in the First Degree and one count of Burglary in the First Degree. The Superior Court sentenced him to a total period of twenty years at Level V incarceration to be suspended after serving four and one-half years for probation. Paskins did not appeal.

(3)     In January 1994, Paskins was convicted by a Superior Court jury of four counts of Robbery in the First Degree and one count of Possession of a Deadly Weapon During the Commission of a Felony. The Superior Court sentenced him to a total period of thirty-three years at Level V incarceration to be suspended after serving twenty-five years for probation. On direct appeal, this Court affirmed the judgment of the Superior Court.[4]

(4)     In November 2010, Paskins filed a motion for sentence reduction or modification, which the State opposed. The Superior Court held a hearing on Paskins' motion on December 22, 2010. At the hearing, the Superior Court

---

[3] Supr. Ct. R. 25(a).

[4] *Paskins v. State*, 1995 WL 120665 (Del. Mar 15. 1995).

indicated that it would grant Paskins' motion but stated that the modified sentencing order would not be issued until the Superior Court had the opportunity to consider all of Paskins' sentences and account for all of the time he previously served on each. On January 19, 2011, the Superior Court issued its modified sentencing orders, suspending all of the Level V time remaining on Paskins' sentences (approximately thirty-one years and six months) for one year at Level IV home confinement followed by a total period of eight years and six months at Level III probation. The sentencing orders contained zero tolerance illegal drug and alcohol conditions.

(5) On July 15, 2012, Paskins was arrested and charged with Driving Under the Influence of Alcohol. As a result of this arrest, Paskins was charged with violating his probation. After a contested VOP hearing on August 10, 2012, the Superior Court found Paskins had violated his probation and sentenced him to a total period of thirty-one years at Level V incarceration to be suspended for one year at Level IV home confinement followed by a total period of eight years and six months at Level III probation. On direct appeal, this Court affirmed the judgment of the Superior Court.[5]

(6) On December 20, 2012, administrative warrants were filed for Paskins' VOP. Paskins' probation officer alleged that Paskins had a positive urine

---

[5] *Paskins v. State*, 2012 WL 5948969 (Del. Nov. 27, 2012).

3

test for alcohol and admitted to drinking a six-pack of beer in violation of the zero tolerance condition for alcohol in his sentencing orders.  A VOP hearing was held on January 4, 2013.

(7)     At the VOP hearing, the public defender informed the Superior Court that she gave Paskins a copy of his appeal rights and tried to speak with him, but he was unwilling to speak with her.  The Superior Court granted Paskins' request to speak on his own behalf.  Paskins admitted that he had consumed alcohol, but argued that his term of probation violated his constitutional rights because his 1994 convictions were illegal.  The Superior Court found that Paskins had violated his probation and sentenced him to thirty-one years at Level V incarceration to be suspended after successful completion of the Level V Greentree program for decreasing levels of treatment and supervision.  Paskins' appeal was dismissed after he failed to pay the Supreme Court filing fee or file a motion to proceed *in forma pauperis* and failed to file a timely response to a notice to show cause.[6]

(8)     On September 16, 2014, Paskins filed a motion for postconviction relief.  In this motion, Paskins claimed that his VOP counsel was ineffective and that the test used to detect alcohol in his system was unreliable.  The Superior Court summarily dismissed the motion on September 29, 2014.  This appeal followed.

---

[6] *Paskins v. State*, 2013 WL 1098258 (Del. Mar. 14, 2013).

4

(9)     On appeal, Paskins claims that: (i) he was deprived of due process at the VOP hearing because the test used to detect alcohol in his system was unreliable; (ii) his VOP counsel was ineffective because she failed to prevent the presentation of the unreliable test results and failed to inform Paskins of his appeal rights or file a direct appeal; (iii) the Superior Court judge sentenced him with a closed mind; and (iv) his sentence exceeded SENTAC guidelines. We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[7] The procedural requirements of Superior Court Criminal Rule 61 ("Rule 61") must be considered before any substantive issues are addressed.[8]

(10)     Paskins' motion for postconviction relief is untimely under Rule 61(i)(1).[9] Paskins was sentenced for his VOP on January 4, 2013, but he did not file the motion for postconviction relief until September 16, 2014. To overcome the one-year time bar of Rule 61(i)(1),[10] Paskins must plead with particularity that

---

[7] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[9] Super. Ct. Crim. R. 61(i)(1) (2014) (barring postconviction motion filed more than one year after conviction is final or, if it asserts retroactively applicable right that is newly recognized after conviction, more than one year after right is first recognized by this Court or United States Supreme Court). Paskins filed his motion for postconviction relief after Rule 61 was amended effective June 4, 2014, so we apply the provisions of Rule 61 in effect as of June 4, 2014.

[10] Super. Ct. Crim. R. 61(i)(5) (providing Rule 61(i)(1) does not apply to claim that court lacked jurisdiction or that satisfies pleading requirements of Rule 61(d)(2)(i) or Rule 61(d)(2)(ii)).

there is new evidence creating a strong inference that he is actually innocent[11] or that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders his conviction invalid.[12] Paskins' contention that the alcohol test was unreliable and his efforts to downplay his VOP hearing admission to consumption of alcohol by claiming he meant non-alcoholic beer do not satisfy either standard. Accordingly, the Superior Court did not err in summarily dismissing Paskins' motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[11] Super. Ct. Crim R. 61(d)(2)(i).

[12] Super. Ct. Crim R. 61(d)(2)(ii).